**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERNARD FRYSHMAN,<br>    1016 East 2nd Street<br>    Brooklyn, New York 11230,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br>    2201 C Street, NW<br>    Washington, DC 20520,<br><br>        Defendant. | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This lawsuit challenges the failure of the U.S. Department of State to disclose agency records in response to the plaintiff's request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In his FOIA request, the plaintiff carefully described the nature of the documents sought, the office where those documents were kept, and the name of the staff person who kept them. The agency, however, ignored that information and, as a result, failed to locate or release most of the responsive documents in its possession. The plaintiff seeks declaratory and injunctive relief from this Court requiring prompt disclosure of all non-exempt records that are responsive to his FOIA request.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action under 5 U.S.C. §§ 552(a)(4)(B). Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3. Plaintiff Bernard Fryshman is a citizen of New York.

4. Defendant U.S. Department of State is an agency of the United States that has possession of the records that the plaintiff seeks.

## BACKGROUND

### The Records Sought by the Plaintiff.

5. The Jewish cemetery in the Šnipiškės area of Vilnius, the capital of Lithuania, is one of Europe's most important sacred Jewish sites. The cemetery, called Shnípishok in Yiddish, dates back to the fifteenth century and holds the remains of tens of thousands of Jewish people, including scholars and sages whose works continue to guide Jewish people today. The cemetery was seized by Nazi Germany in World War II and then by the Soviet Union. The Soviets in 1972 removed the cemetery's gravestones and erected a large sports hall ("Sports Palace") in the middle of its grounds. The Sports Palace, built on ground containing the remains of those buried there, is now abandoned.

6. In 2015, Lithuania announced plans to further develop the cemetery by turning the abandoned Sports Palace into a concert and convention center. If carried out, the plans would inevitably require digging up and otherwise disturbing the remains of many more of the dead buried nearby.

7. To protect sacred sites like the Jewish cemetery in Vilnius, Congress required the Secretary of State to work "in cooperation" with the U.S. Commission for the Preservation of America's Heritage Abroad, an independent agency of the United States, to "encourage the preservation and protection of … cemeteries … by obtaining … assurances from foreign governments that the cemeteries … will be preserved and protected." *Id.*, sec. 312304(a)(2).

8. The U.S. Department of State accordingly has possession of records related to the preservation of cemeteries in Europe, including the Jewish cemetery in Vilnius. In particular, the Department's Office of the Special Envoy for Holocaust Issues has handled and kept records on the issue.

9. The plaintiff is aware of several particular records in the Department's possession that are relevant to the cemetery in Vilnius, including his own correspondence with the Department about the cemetery.

**The Plaintiff's FOIA Request**

10. On March 22, 2016, the plaintiff sent FOIA request to the U.S. Department of State requesting agency records about the Jewish cemetery in Vilnius from between January 1, 2015, and March 21, 2016. *See* Exh. 1 (FOIA Request). Specifically, the plaintiff requested copies of "meeting notes, minutes, and decisions," as well as "correspondence," regarding the cemetery. *See id.*

11. The plaintiff's FOIA request specifically told the Department that "[t]he information being requested is most likely to be found in the Office of the Special Envoy for Holocaust Issues ('SEHI') of the U.S. Department of State," and that "Susan Sandler" of that office "is particularly focused on this issue, and will be unquestionably helpful in this matter." *See id.*

12. On July 10, 2017—more than a year after the plaintiff made his FOIA request—the Department responded that it had located twenty-two documents responsive to the plaintiff's FOIA request. Of those, the Department released twelve documents in full. It also released eight documents with redactions and withheld two in their entirety, citing Exemption 5 of FOIA.

13. The Department stated that it had searched the records system only of the agency's Bureau of European and Eurasian Affairs. It did not search the records system of the Office of the Special Envoy for Holocaust Issues, which the Department knew was in possession of most of the responsive records. As a result, the Department failed to locate or release most of the documents responsive to the plaintiff's FOIA request.

14. On September 15, 2017, the plaintiff appealed the agency's decision, challenging the Department's identification of only twenty-two documents as responsive to his FOIA request. *See* Exh. 2 (FOIA appeal). As the plaintiff explained in his appeal, the Department was in possession of "copious correspondence relating" to the cemetery in Vilnius and had held numerous gatherings and discussions regarding the cemetery that must have generated "material, notes, minutes and decisions." Indeed, the plaintiff pointed out that he had personally "had many such interactions, sent many letters and engaged in many conversations" regarding the cemetery, but that none of the materials associated with those interactions had been retrieved.

15. More than a year later, on January 30, 2018, the Department's appellate review panel decided the plaintiff's appeal. The decision addressed only the Department's decision to partially or fully withhold ten documents under Exemption 5 of FOIA. In that regard, the panel decided to release in full seven of the eight previously redacted documents, but affirmed the decision to release one document with redactions and to withhold two documents in full.

16. The appellate review panel's decision ignored the plaintiff's contention that the Department had failed to locate or release the majority of documents responsive to his FOIA request. As a result, the Department has still not searched the records system of the Office of the Special Envoy for Holocaust Issues for responsive documents or released any documents held by that office.

17. The plaintiff's appeal exhausted the applicable administrative remedies with respect to his FOIA Request.

## FIRST CAUSE OF ACTION

### Violation of FOIA: Unreasonable Search

18. The Department of State has failed to conduct a reasonable search for records responsive to the plaintiff's FOIA request.

19. Although the plaintiff informed the Department that most of the responsive records could be found in possession of the Office of the Special Envoy for Holocaust Issues, the Department failed to conduct a proper search of that office's records.

20. The Department's search failed to locate responsive documents that the plaintiff knows are in its possession.

## SECOND CAUSE OF ACTION

### Violation of FOIA: Unlawful Withholding of Agency Records

21. The Department of State produced only a small fraction of the documents responsive to the plaintiff's FOIA request.

22. Plaintiff has a statutory right to the records that he seeks, and there is no legal basis for the Department's refusal to disclose them.

**PRAYER FOR RELIEF**

Wherefore, the plaintiff requests that this Court:

A. Declare that the defendant's failure to conduct a reasonable search and refusal to disclose the records requested by the plaintiff is unlawful;

B. Order the defendant to promptly make the requested records available to the plaintiff;

C. Award the plaintiff his costs and reasonable attorneys' fees in this case as provided by 5 U.S.C. § 552(a)(4)(E);

D. Grant all other appropriate relief.

Dated: May 17, 2019                          Respectfully submitted,

/s/Gregory A. Beck
Gregory A. Beck
D.C. Bar No. 494479
1250 Connecticut Avenue NW
Suite 700
Washington, DC 20036
(202) 684-6339
greg@beck.legal